QUESTION: Does the word "exclusively" in s. 166.231(4), F.S., permit the exemption from municipal public service tax to be applied to church purchases for nonprofit church properties and operations such as schools, clinics, recreation areas, playgrounds, convents, or rectories?
SUMMARY: The term "exclusively" as used in s. 166.231(4), F.S., ". . . for use exclusively for church purposes" does not normally permit the exemption from municipal public service tax to be applied to church purchases for nonprofit church properties and operations such as schools, clinics, recreation areas, playgrounds, convents, or rectories, subject to the exceptions noted, unless the activity constitutes a direct adjunct of the church and the congregation. Subject to exceptions hereinafter noted, the question is answered in the negative. Section166.231(4), F.S., is essentially a recodification of s. 167.432, F.S., repealed by Ch. 69-54, Laws of Florida. The same clause "exclusively for church purposes" was in s. 167.432 and was defined in AGO 057-255, as follows: In brief, the question here presented is whether parsonages, convent buildings, church school buildings, and other buildings used by religious organizations may be said to be "used exclusively for church purposes." * * * * * . . . [W]e feel that the term "used exclusively for church purposes" has a broader meaning than the use of the church auditorium for Sunday sermons or preaching services, but extends to such services as the Sunday school services, the young people's Sunday services in the church, and other services in the church directly furthering the religious purposes of the congregation. Parsonages used as a part of the church, whether on the church ground or not, when furnished the pastor or pastors of the church without cost of any nature including the utility services contemplated by [s. 167.432, F.S. 1967] would seem to be an adjunct of the church, whether the utility services be furnished through the meter of the general church buildings or by a separate meter; however, if the occupant of the parsonage is required to furnish his own utilities we doubt that such utilities would be within the exemption of [s. 167.432, F.S. 1967]. . . . Church schools, which are [essentially the same as] public schools of the state and counties, do not appear to be used for a church purpose within the purview of the said statute. We doubt that a jointly metered church and school account would be exempt unless the services furnished each could be readily segregated and billed separately. . . . (Emphasis supplied.) The reason for excluding the parsonage when bills are paid by the occupant is that the exemption is provided to the church, not the individual. "A municipality . . . shall exempt [purchases by] any recognized church in this state. . . ." (Emphasis supplied.) Section 166.231(4), F.S. In reviewing the authorities cited in AGO 057-255, supra, and 84 C.J.S. Taxation ss. 289-291, there appears to have been no change in the interpretation of the law. Therefore the opinion of my predecessor is still valid. However, it is important to note that each individual situation must be examined on its own merits and a factual determination must be made as to whether or not the organization and activity meet the requirements of the statute. The definitions of the terms "exempt" and "exclusive" contained in s. 196.012(1) and (2), respectively, to which you refer in your opinion request, apply only to Ch. 196, F.S., and have no applicability to the exemption of s. 166.231(4), F.S.